IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARTHUR BOMAR** : | | CIVIL ACTION |
| *Petitioner* : | | |
| : | | |
| : | | |
| v. : | | |
| : | | |
| **JOHN E. WETZEL, et al,** : | | NO. 04-1730 |

### *RESPONSE TO PETITIONER'S MOTION FOR RELIEF PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)*

This Court denied petitioner's application for a writ of habeas corpus on March 31, 2023. Bomar filed a motion seeking relief from that decision pursuant to Fed. R. Civ. P. 59(e) on April 28, 2023. The Commonwealth now responds. Because Bomar's motion sets forth absolutely no legitimate basis for altering or amending the judgment, the motion should be denied.

Fed. R. Civ. P. 59 provides as follows:

**(a)   In General.**

*(1)   Grounds for New Trial.* The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:

(A)   after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or

(B)   after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

1

> (2) *Further Action After a Nonjury Trial.* After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.
>
> **(b)   Time to File a Motion for a New Trial.** A motion for a new trial must be filed no later than 28 days after the entry of judgment.
>
> **(c)   Time to Serve Affidavits.** When a motion for a new trial is based on affidavits, they must be filed with the motion. The opposing party has 14 days after being served to file opposing affidavits. The court may permit reply affidavits.
>
> **(d)   New Trial on the Court's Initiative or for Reasons Not in the Motion.** No later than 28 days after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. In either event, the court must specify the reasons in its order.
>
> **(e)   Motion to Alter or Amend a Judgment.** A motion to alter or amend a judgment must   be filed no later than 28 days after the entry of the judgment.

Fed. R. Civ. P. 59(e).

Bomar's motion must be denied. "The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (*quoting Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A party seeking reconsideration must demonstrate "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe*, 176 F.3d at 677. Motions for

reconsideration are to be granted "sparingly" and may not be used to relitigate issues or to assert new arguments that should have been raised earlier. *PBI Performance Prods., Inc. v. NorFab Corp.*, 514 F.Supp.2d 732, 744 (E.D.Pa. 2007) (Bartle, J.) (quotation omitted); accord United States v. Dupree, 617 F.3d 724, 732 (3d Cir. 2010).

Thus, a proper motion seeking reconsideration under Rule 59(e), as Bomar's motion purports to do, "addresses only factual and legal matters that the Court may have overlooked," *Pirela v. Horn*, No. 90-CV-5013, 2014 WL 1327596, at *2 (E.D.Pa. Apr. 2, 2014) (citation and internal quotation marks omitted), "as it is improper 'to ask the Court to rethink what [it] had already thought through—rightly or wrongly.'" *Robinson v. Wenerowicz*, No. 11-CV-4032, 2013 WL 5942206, at *1 (E.D.Pa. Nov. 5, 2013) (citation omitted); *see Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995) (providing that a court will not reconsider arguments that appear to be an improper attempt to procure "a second bite of the apple"); *see also Soto v. United States*, No. 09-CV-0915, 2011 WL 4929423, at *1 (D.Del. Oct. 17, 2011) (dissatisfaction with court's decision not a legitimate basis to alter or amend judgment under Rule 59(e) or for relief from judgment under Rule 60(b)).

Bomar's motion simply "ask[s] the Court to rethink what [it] had already thought through— rightly or wrongly.'" *Robinson*, 2013 WL 5942206, at *1. *See Bomar v. Wetzel*, No. 04-CV-1730, 2023 WL 2761303 at 55 (E.D.Pa. March 31, 2023) ("'This demonstrates not just a possibility for, but a present and actual disagreement among fair-minded jurists – which in turn renders it extremely difficult for Bomar to demonstrate an unreasonable application of this confused area of law"); Mot. at 4

3

("this Court focused on attempting to show that there is no clearly established Supreme Court precedent"). The argument that a recent Sixth Circuit[1] case somehow renders this Court's determination that there is no clearly established federal law as flawed is simply an expression of disagreement with this Court's ruling, rather than a serious argument that the judgment rests on factual or legal matters that the Court overlooked. Indeed, this Court devoted several pages of its opinion to the very argument Bomar now posits: that *Remmer* constitutes clearly established federal law. *See Bomar,* at 52-56.

There is no suggestion of new evidence, much less new evidence that was previously unavailable, or of an intervening change in controlling law. Bomar's dissatisfaction with the Court's decision does not present a legitimate basis to alter or amend this Court's judgment or decision not to grant a certificate of appealability.

Bomar's motion to alter or amend the judgment under Fed. R. Civ. P. 59 sets forth no legitimate basis for disturbing the judgment. The motion should be denied. There is no basis for a certificate of appealability.

---

[1] Bomar titles the Sixth Circuit *Cunningham* case as "precedent." Although it may be precedential in that circuit, it certainly is not precedential in this Court nor does it constitute "clearly established law" for AEDPA purposes. Further, this Court examines the propriety of the state court's review of his claim based on the applicable law at the time of the state court's review. Certainly, the Pennsylvania courts could not have been expected to anticipate an uncontrolling Sixth Circuit decision suggesting *Remmer* may be controlling precedent several years before the *Cunningham* decision was rendered.

Respectfully submitted,

*Catherine B. Kiefer*
CATHERINE B. KIEFER
Deputy District Attorney